**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: BELLE PASS MARINE                          CIVIL ACTION
TRANSPORTATION LLC
                                                  NO. 21-275

                                                  SECTION: "G"

ORDER AND REASONS

Before the Court is Limitation Claimant the Parish of Jefferson's ("JP") "Motion to
Dissolve Injunction, Stay Limitation Action, and Allow the Claimant to Proceed in State Court
with Protective Stipulations."[1] Limitation Petitioner Belle Pass Marine Transportation, LLC
("BPM") opposes the motion.[2] For the reasons that follow, the Court finds that JP has a right to
pursue its claims in state court because it is a single claimant in a limitation action. Therefore,
considering the motion, the memorandum in support, the record, and the applicable law, the Court
grants the motion.

I.  **Background**

On February 9, 2021, BPM filed a Complaint for Exoneration From or Limitation of
Liability in this Court.[3] In the Complaint, BPM avers that JP filed a lawsuit in the Twenty-Fourth
Judicial District for the Parish of Jefferson.[4] According to the Complaint, in the state court
proceeding JP asserts that on or about March 27, 2020, BPM's vessel the *M/V Southern Belle*

---

[1] Rec. Doc. 30.

[2] Rec. Doc. 36.

[3] Rec. Doc. 1.

[4] *Id.* at 2.

1

struck and damaged the Crown Point/Lafitte Waterline.[5] BPM filed the instant action to limit its liability for claims arising from the March 27, 2020 incident.[6] On February 10, 2021, the Court approved BPM's declarations of value, security, and ad interim stipulation.[7] The Court also directed issuance of notice to all claimants and enjoined prosecution of claims.[8] Claimant JP was the only individual to file a claim in this matter.[9]

Claimant JP filed the instant motion on May 11, 2022, and requested expedited consideration, which the Court granted.[10] BPM filed its opposition on May 16, 2022.[11] On May 17, 2022, with leave of Court, JP filed a reply.[12]

## II. Parties' Arguments

In the instant motion, JP asks the Court to dissolve the injunction and stay this matter so that it can pursue its claim in state court.[13] JP argues that Fifth Circuit precedent authorizes a single claimant to pursue its case in state court so long as the claimant files appropriate protective stipulations.[14] JP asserts that it has made adequate stipulations that preserve BPM's rights under

---

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. 3.

[8] *Id.*

[9] Rec. Doc. 8.

[10] Rec. Docs. 30, 31, 32.

[11] Rec. Doc. 36.

[12] Rec. Docs. 41, 42, 43.

[13] Rec. Doc. 30.

[14] Rec. Doc. 30-1 at 2–3.

2

the Limitation of Liability Act.[15]

In opposition, BPM "acknowledge[s] the legal merits of [JP]'s motion," but argues that the motion is untimely.[16] BPM asserts the motion is "untimely" because trial in this matter is two months away. Additionally, BPM filed a motion for summary judgment on May 4, 2022.[17] BPM contends that JP's motion is untimely because it was filed within one week of the submission date of BPM's motion for summary judgment.[18] BPM further contends that the "untimely nature . . . is apparent" because JP requested the instant motion be heard on an expedited basis so that the Court could address it before or concurrently with the motion for summary judgment.[19]

In reply, JP avers that BPM "fail[ed] to address JP's right to proceed to a jury trial in state court so long as the proper stipulations are filed protecting BPM's rights under the Limitation of Liability Act."[20] Finally, JP asserts that BPM cites to no legal authority that the instant motion is untimely.[21]

### III. Law & Analysis

Under the Limitation of Liability Act, "[a] shipowner facing potential liability for a maritime accident may file suit in federal court . . . to limit his liability for damages or injuries

---

[15] *Id.* at 3–5.

[16] Rec. Doc. 36 at 1.

[17] *Id.* at 2.

[18] *Id.*

[19] *Id.*

[20] Rec. Doc. 43 at 1.

[21] *Id.*

arising from a maritime accident to 'the amount or value of the interest of such owner in such vessel, and her freight then pending,' if the accident occurred without the shipowner's 'privity or knowledge.'"[22] When the shipowner files such a suit, "the federal district court stays all related claims against the shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court."[23] Doing so gives the federal court "exclusive jurisdiction [over] suits brought under the Act."[24] However, "where a single claimant sues a shipowner in state court and the owner files a petition for limitation of liability in federal court, the federal court *must* allow the claimant's action to proceed in state court while retaining jurisdiction of the limitation of liability action."[25] "[A] single claimant's choice of forum is a sufficient interest to warrant the dissolution of an injunction if the claimant files stipulations that adequately protect the shipowner's rights under the act."[26] Thus, a single claimant may pursue a state court claim after doing the following: (1) "the claimant must stipulate that the admiralty court reserves exclusive jurisdiction to determine all issues related to the shipowner's right to limit liability" and (2) "the claimant must stipulate that no judgment will be asserted against the shipowner to the extent it exceeds the value of the limitation fund."[27]

JP is the only claimant in this matter. Furthermore, it has stipulated to the following:

---

[22] *In re Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 315 (5th Cir. 1995).

[23] *Id.*

[24] *Id.*

[25] *In re Tetra Applied Techs., LP*, 362 F.3d 338, 340 (5th Cir. 2004) (emphasis added).

[26] *Inland Dredging v. Sanchez*, 468 F.3d 864, 867 (5th Cir. 2006).

[27] *Texaco, Inc. v. Williams*, 47 F.3d 765, 767–68 (5th Cir. 1995).

1. This Court has continuing, exclusive jurisdiction to determine all issues related to BPM's statutory right to limit its liability under the Limitation of Liability Act and, relatedly, the proper value of the limitation fund. However, the claimant expressly reserves his right to deny and contest in this Court *all* assertions and allegations made by BPM in its live limitation complaint.

2. The claimant will not seek any judgment or ruling on the issue of BPM's right to limitation of liability in any other federal or state court.

3. In the event that limitation is granted, the claimant will not seek to enforce any judgment against BPM that exceeds the value of the limitation fund as determined by this Court.

4. The claimant waives any claim of *res judicata* or issue preclusion related to the issue of limitation of liability based on any judgment that may be rendered in any other federal or state court.[28]

These stipulations are sufficient to protect BPM's rights under the Limitation Act.[29]

BPM urges the Court to deny JP's motion as untimely. BPM cites to no authority specifying a time limit for a single claimant to move to dissolve a Limitation Act injunction and proceed in state court, nor can this Court locate any. Additionally, in *Langnes v. Green*, the United States Supreme Court held that a district court abused its discretion by denying a single limitation claimant's motion to dissolve an injunction and proceed in state court.[30] Therefore, because JP has filed the appropriate stipulations, the injunction may be dissolved, allowing JP to pursue its claim in state court. Accordingly,

**IT IS HEREBY ORDERED** that Claimant JP's Motion[31] is **GRANTED**.

---

[28] Rec. Doc. 30-3.

[29] *See Inland Dredging*, 468 F.3d at 867.

[30] 282 U.S. 531, 541 (1931).

[31] Rec. Doc. 30.

**IT IS FURTHER ORDERED** that the Court's injunction restraining prosecution of JP's claims[32] in state court is lifted.

**IT IS FURTHER ORDERED** that the above captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED**, to be reopened, if necessary, upon a motion of the parties.

**NEW ORLEANS, LOUISIANA**, this ___17th___ day of May, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[32] Rec. Doc. 3.